UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSIE GARCIA, and NANCY LaGRANGE, guardian ad litem of ALIZE MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN HATCHER, et al., <br><br> Defendants. | 3:09-CV-00681-LRH-WGC <br><br> ORDER |

Before the court is Defendants Steven Hatcher and the Nevada State Gaming Control Board's Motion to Dismiss Amended Complaint (#41). Plaintiffs Josie Garcia and Nancy LaGrange, as guardian ad litem of Alize Martinez, filed an opposition (#42), to which Defendants replied (#44).

**I.     Facts and Procedural History**

This is a tort case arising out of the death of Santiago Ray Martinez. On January 7, 2008, Hatcher, an Enforcement Agent of the Board, shot and killed Martinez in Washoe County, Nevada. While off-duty and not in uniform, Hatcher commandeered a commercial vehicle to pursue the vehicle in which Martinez was riding. Hatcher subsequently caught up to Martinez' vehicle, identified himself as a law enforcement officer and ordered the car in which Martinez was riding to stop. Although Hatcher had radioed for back-up from the Reno Police Department, he used his duty pistol to shoot and kill Martinez.

Following an initial round of motions to dismiss, an appeal to and remand from the Ninth

Circuit, the filing of Plaintiff's Amended Complaint (#35), and the stipulated dismissal of the Board and the vast majority of Plaintiff's amended claims (#45), only one claim remains: the second claim for relief by LaGrange, as guardian ad litem of Martinez's minor daughter Alize, against Hatcher for violation of the minor's Fourteenth Amendment due process right to familial association with Martinez.  The court's consideration of Defendants' motion to dismiss shall be limited accordingly.

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must satisfy the notice pleading standard of Rule 8(a)(2).  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

1  true. *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a

2  formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."

3  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)

4  (alteration in original) (internal quotation marks omitted).  The court discounts these allegations

5  because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the

6  form of a factual allegation."  *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to

7  survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

8  that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Id.* (quoting

9  *Iqbal*, 129 S. Ct. at 1949).

10 **III.    Discussion**

11          The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or

12 property, without due process of law." U.S. Const. amend XIV, § 2.  "[O]nly official conduct that

13 'shocks the conscience' is cognizable as a due process violation."  *Porter v. Osborn*, 546 F.3d

14 1131, 1137 (9th Cir. 2008) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

15 There are two distinct standards used to prove that conduct "shocks the conscience": (1) the official

16 acted with "deliberate indifference"; or (2) the official acted with a "purpose to harm . . . for

17 reasons unrelated to legitimate law enforcement."  *Id.*  Deliberate indifference can only be

18 employed when "actual deliberation is practical." *Lewis*, 523 U.S. at 851 (citation omitted).  On

19 the other hand, "[w]hen an officer encounters fast paced circumstances presenting competing

20 public safety obligations, the purpose to harm standard must apply." *Porter*, 546 F.3d at 1139.

21          Under the circumstances presented, the court is compelled to conclude that Hatcher would

22 not have been able to deliberate his actions and therefore the purpose to harm standard must apply.

23 Plaintiff's allegation that "Hatcher had minutes or substantially more than a split-second to

24 deliberate" does not compel a contrary result.  If anything, it brings this case firmly within *Porter*,

25 which involved a relatively stationary altercation lasting approximately five minutes.  Despite the

26                                              3

fact that it is logically possible for an officer giving chase to deliberate, "'deliberation' for purpose of the shocks the conscience test is not so literal a concept." *Id.* at 1139. As in *Porter*, this case involves an officer's quick actions in response to a fast-paced, evolving and escalating set of circumstances taking place over a short period of time. *See id.* at 1139-40. Plaintiff must therefore demonstrate that, on the totality of the circumstances, Hatcher intended to inflict harm beyond that which is required for legitimate law enforcement. *See id.* at 1140-41.

Plaintiff alleges that "Hatcher had no legitimate law enforcement reason or purpose or objective for the use of deadly force," and that his actions were "done with evil motive, malice, oppression, and deliberate indifference to decedent's constitutional rights and the right of the minor child to enjoy a familial relationship." (Am. Compl. (#1), ¶¶ 6, 16.) However, such formulaic recitation of the elements of a claim do nothing more than state a legal conclusion and are not entitled to a presumption of truth. *Iqbal*, 129 S. Ct. at 1951; *Moss*, 572 F.3d at 969. Further, the non-conclusory factual content provided by Plaintiff fails to plausibly suggest that, on the totality of the circumstances, Hatcher intended to inflict harm beyond that which is required for legitimate law enforcement. The complaint is devoid of any allegations suggesting what Hatcher's motivations in pursuing Martinez actually were, that he did not in fact believe he was responding to an apparent emergency, or that he was not responding to a pre-existing situation and created the very emergency he then resorted to deadly force to resolve. *See Porter*, 546 F.3d at 1141. Indeed, Plaintiff's factual allegations are devoid of any context whatsoever, requiring knowledge of facts outside the complaint to even identify what occurred and make any sense of Plaintiff's disjointed and sometimes contradictory allegations.

The court therefore finds that Plaintiff has failed to state a plausible claim for relief under the purpose to harm standard. However, the court will *sua sponte* grant Plaintiff one last opportunity to attempt to remedy the deficiencies in the complaint.

////

4

1   IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#41) is GRANTED.

2   IT IS FURTHER ORDERED that Plaintiff shall have twenty days in which to file an

3   amended complaint, if Plaintiff chooses to do so.

4   IT IS SO ORDERED.

5   DATED this 7th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE