UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSIE GARCIA, and NANCY LaGRANGE, guardian ad litem of ALIZE MARTINEZ, ) ) ) | |
| Plaintiffs, ) ) | 3:09-CV-00681-LRH-WGC |
| v. ) ) | ORDER |
| STEVEN HATCHER, et al., ) ) | |
| Defendants. ) ) | |

This is a tort case. Before the court is defendants Steven Hatcher and the Nevada State Gaming Control Board's Motion to Dismiss Second Amended Complaint (#55). Plaintiffs Josie Garcia and Nancy LaGrange, as guardian ad litem of Alize Martinez, have not responded. However, they have submitted a request for additional time to respond (#59).

**I.   Facts and Procedural History**

This case arises out of the death of Santiago Ray Martinez. On January 7, 2008, Hatcher, an Enforcement Agent of the Board, shot and killed Martinez in Washoe County, Nevada. While off-duty and not in uniform, Hatcher commandeered a commercial vehicle to pursue the vehicle in which Martinez was riding. Hatcher subsequently caught up to Martinez' vehicle, identified himself as a law enforcement officer and ordered the car in which Martinez was riding to stop. Although Hatcher had radioed for back-up from the Reno Police Department, he used his duty pistol to shoot and kill Martinez.

///

Following an initial round of motions to dismiss, an appeal to and remand from the Ninth Circuit, the filing of Plaintiffs' Amended Complaint (#35), dismissal of that Complaint with leave to amend (#51), and the filing of Plaintiffs' Second Amended Complaint, only one claim remains: a claim for relief by LaGrange, as guardian ad litem of Martinez's minor daughter Alize, against Hatcher for violation of the minor's Fourteenth Amendment due process right to familial association with Martinez.

Defendants filed their Second Motion to Dismiss on July 31, 2012. Plaintiffs' response was originally due August 17, 2012. On August 20, 2012, Plaintiffs filed an unopposed motion to extend time for their response (#56), which the court granted (#57). Plaintiffs then had until September 11, 2012 to file their response. On September 17, 2012–having failed to file a timely response–Plaintiffs again moved to extend time for their response (#59). Defendants opposed this motion (#60).

**II.   Discussion**

Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Failure to file such points and authorities is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). However, before dismissing the action, the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id*. The first two factors generally weigh in favor of dismissal, while the fourth factor weighs against it. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Therefore, courts focus on prejudice and the availability of lesser sanctions. *Id*. While dismissal is indeed a harsh penalty, it is appropriate when the plaintiff fails to prosecute the case with "reasonable diligence." *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

Here, Plaintiffs' counsel avers that he was "intense[ly] prepar[ing]" for a disciplinary hearing in front of the Nevada State Bar that was to take place on September 13, 2012, and he

2

1   "forgot to seek additional time . . . with the intensity of [his] focus on the Bar matter." (Plaintiffs'
2   Motion to Extend Time #59.) This constitutes "excusable neglect" under Local Rule 6-1 (governing
3   motions to extend time after expiration of the specified period for such motions).

4       On the other hand, Plaintiffs' failure to file responsive points and authorities along with the
5   motion to extend time–and the continuing failure to file such points and authorities up to the
6   present–does not comport with "reasonable diligence." Moreover, the third and fifth *Ghazali*
7   factors, prejudice and the availability of lesser sanctions, are identical to those present in *Ghazali*
8   itself. Thus, under *Ghazali*, dismissal is appropriate.

9       Balancing Plaintiffs' counsel's excusable neglect with his failure to exercise reasonable
10  diligence, the court finds that dismissal without prejudice is the appropriate remedy. This remedy
11  penalizes further failures to prosecute while not entirely discounting the possibility of a decision on
12  the merits.

13      IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#55) is GRANTED.
14  Plaintiffs' Second Amended Complaint (#52) is DISMISSED without prejudice.

15      IT IS FURTHER ORDERED that Plaintiffs' Motion for Extension of Time (#59) is
16  DENIED as moot.

17      IT IS FURTHER ORDERED that Plaintiff shall have ten (10) days in which to file an
18  amended complaint.

19      IT IS SO ORDERED.
20      DATED this 23rd day of February, 2013.

                                                    _____
                                                    LARRY R. HICKS
                                                    UNITED STATES DISTRICT JUDGE