UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| NANCY LaGRANGE, ) | |
| ) | 3:09-cv-00681-LRH-WGC |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| STEVEN HATCHER, an individual, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is Defendant Steven Hatcher's Motion to Dismiss Third Amended Complaint (#65[1]). Plaintiff Nancy LaGrange, as guardian ad litem of Alize Martinez, has filed an opposition (#66), to which Defendant has replied (#67).

**I.  Facts and Procedural History**

This case stems from Santiago Ray Martinez's death. On January 7, 2008, Defendant, a Nevada State Gaming Control Board Enforcement Agent, shot and killed Martinez in Washoe County, Nevada. While not in uniform, Defendant commandeered a vehicle to pursue the vehicle in which Martinez was riding. Defendant subsequently caught up to Martinez's vehicle and ordered the car in which Martinez was riding to stop. Although Defendant had radioed for back-up from the Reno Police Department, he subsequently shot and killed Martinez.

Following an initial round of motions to dismiss, an appeal to and remand from the Ninth Circuit, the filing of Plaintiff's Amended Complaint (#35), dismissal of that Complaint with leave to amend (#51), the filing of Plaintiff's Second Amended Complaint (#52), dismissal of that second Complaint with leave to amend (#63), and the filing of Plaintiff's Third Amended

---

[1] Refers to the court's docket number.

1  Complaint (TAC), only one claim remains: a claim for relief by LaGrange, as guardian ad litem
2  of Martinez's minor daughter Alize, against Hatcher for violating the minor's Fourteenth
3  Amendment due process right to familial association with Martinez.

4  **II.     Legal Standard**

5  To state a claim for relief, the pleading must contain "a short and plain statement of the
6  claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Though the Rule 8
7  pleading standard does not require "detailed factual allegations," mere "labels and conclusions"
8  or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*,
9  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

10  To withstand a 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure, the
11  claim for relief must contain factual statements that, when assumed true, "state a claim to relief
12  that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible
13  if the factual content is sufficient to allow the court to reasonably infer, based on the court's
14  judicial experience and common sense, the defendant's liability in the alleged misconduct. *See*
15  *id.* at 678–679.

16  Though the court, when reviewing a motion to dismiss, accepts the plaintiff's claimed
17  facts, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the
18  elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*,
19  572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681)  (alteration in original)
20  (internal quotation marks omitted). These statements are not assumed true because they do
21  "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a
22  factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681).

23  **III.    Discussion**

24  In comparison to Plaintiff's Amended Complaint,[2] the TAC adds factual allegations that
25  the car in which Martinez was riding came to rest, but the tires were spinning in attempt to
26  escape from the approaching Defendant. The TAC also deletes any indication that Martinez or
27  the driver would have known Defendant was a law enforcement officer. These changes, however,
28

---

[2] The Amended Complaint is the most recent complaint this court dismissed on the merits.

do not address the court's concerns as mentioned in its Order to Dismiss Amended Complaint (#51). If anything, these changes produce more defects, as they weaken Plaintiff's claim that Defendant was acting under color of state law.[3] But even if Defendant acted under color of state law, Plaintiff still does not state a plausible claim under the purpose to harm standard.

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 2. "[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation" under § 1983. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). There are two distinct standards used to prove that conduct "shocks the conscience": (1) the official acted with "deliberate indifference," and (2) the official acted with a "purpose to harm . . . for reasons unrelated to legitimate law enforcement." *Id.* Deliberate indifference can be employed only when "actual deliberation is practical." *Lewis*, 523 U.S. at 851 (citation omitted). On the other hand, "[w]hen an officer encounters fast paced circumstances presenting competing public safety obligations, the purpose to harm standard must apply." *Porter*, 546 F.3d at 1139.

Under the circumstances presented, Defendant would not have been able to deliberate his actions, and therefore the purpose to harm standard must apply. Plaintiff's allegation that "Hatcher had substantially more than a split-second to deliberate" does not compel a contrary result. This situation is similar to the situation in *Porter*, which involved a relatively stationary

---

[3] For any § 1983 claim, an essential issue is "whether the conduct complained of was committed by a person acting under color of state law." *Hechavarria v. City & County of San Francisco*, 463 F. App'x 632, 633 (9th Cir. 2011) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). To act under color of state law is to "exercise[] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Although the TAC states, "Hatcher acted as a State actor," Third Am. Compl. (#65), ¶ 10, this is merely a legal conclusion, which, without further supporting factual statements, is not assumed true. Instead, the TAC states that Defendant did not identify himself as a government employee and was wearing street clothes. *Id.* at ¶ 6. It also fails to mention whether he was on-duty, whether he used any government resources in the alleged conduct, and it provides little information on the vehicle he used. *See id.* These factors tend to show that Defendant was not acting under color of state law. *See Hechavarria*, 463 F. App'x at 633.

1  altercation lasting approximately five minutes. Despite the fact that it is logically possible for an
2  officer giving chase to deliberate, "'deliberation' for purposes of the shocks the conscience test is
3  not so literal a concept." *Id.* at 1139. As in *Porter*, this case involves an officer's quick actions in
4  response to a fast paced, evolving and escalating set of circumstances taking place over a short
5  period of time. *See id.* at 1139–40. Plaintiff must therefore demonstrate that, on the totality of the
6  circumstances, Defendant intended to inflict harm beyond that which is required for legitimate
7  law enforcement reasons. *See id.* at 1140–41.

8        Plaintiff alleges that Defendant's actions were "done with evil motive, malice,
9  oppression, and deliberate indifference to decedent's constitutional rights and the right of the
10 minor child to enjoy a familial relationship." Third Am. Compl. (#65), ¶ 12. However, such
11 formulaic recitation of the elements of a claim does nothing more than state a legal conclusion
12 and is not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Moss*, 572 F.3d at 969.
13 Further, the non-conclusory factual content provided by Plaintiff fails to plausibly suggest that,
14 on the totality of the circumstances, Defendant intended to inflict harm beyond that which is
15 required for legitimate law enforcement reasons. The complaint still lacks any non-conclusory
16 allegations suggesting what Defendant's motives actually were; lacks allegations that he did not
17 in fact believe he was responding to an apparent emergency; and lacks allegations that he was not
18 responding to a pre-existing situation, but rather created the very emergency he then resolved
19 with deadly force. *See Porter*, 546 F.3d at 1141. Indeed, Plaintiff's factual allegations lack any
20 context whatsoever, requiring facts outside the complaint to even identify what occurred and to
21 make sense of Plaintiff's disjointed allegations.

22       The court therefore finds that Plaintiff has failed to state a plausible claim for relief under
23 the purpose to harm standard and denies Plaintiff leave to amend. In determining whether to
24 grant leave to amend, courts may consider a party's "repeated failure to cure deficiencies by
25 amendments previously allowed" and the "futility of amendment." *Forman v. Davis*, 371 U.S.
26 178, 182 (1962). Courts may also consider the district court's prior instructions, such as
27 limitations on future amendments and whether the court detailed steps to correct the deficiencies.
28 *Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996), *overruled on other grounds by Odom v.*

1  *Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007). This is Plaintiff's fourth complaint, no changes to
2  its factual content have remedied the Fourteenth Amendment deficiencies, and it does not appear
3  that any further changes will remedy the deficiencies. Indeed, the most recent changes have
4  actually added more defects to Plaintiff's complaint. Further, in its Order to Dismiss Amended
5  Complaint, this court informed Plaintiff that it would grant only "one last opportunity to remedy
6  the deficiencies in the complaint." 4:23–24. Additionally, this court provided guidance on what
7  would remedy the dismissal. *See id.* at 4:15–18. For these reasons, the court denies Plaintiff leave
8  to amend.

10      IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Third Amended
11  Complaint (#65) is GRANTED. Plaintiff's Third Amended Complaint (#64) is DISMISSED
12  with prejudice.
13      IT IS SO ORDERED.
14      DATED this 6th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE